655 A.2d 35

**Charles R. BLONDELL**

v.

**BALTIMORE CITY POLICE DEPARTMENT, et al.**

**No. 968, Sept. Term, 1994.**

Court of Special Appeals of Maryland.

March 6, 1995.

70

Michael Marshall (Schlachman, Belsky & Weiner, P.A., on the brief), Baltimore, for appellant.

Gary Charles May, Asst. City Sol. (Neal M. Janey, City Sol., on the brief), Baltimore, for appellees.

Argued before ALPERT, HARRELL and HOLLANDER, JJ.

HARRELL, Judge.

Appellant, Charles R. Blondell, appeals from a judgment entered in the Circuit Court for Baltimore City (Friedman, J.) denying his petition for an injunction to prohibit appellees, then Police Commissioner Edward V. Woods and the Baltimore City Police Department (Department), from bringing before a trial board any charge, other than the original general misconduct charge, brought against appellant after he rejected an initial offer of punishment made to him by the Department.

## ISSUES

We have re-phrased appellant's issues to facilitate our discussion as follows:

I. Did the Department's offer of punishment to appellant constitute summary punishment as defined by Md.Code Ann., Art. 27, §§ 727(f), 734A(1)?

II. If the Department's offer of punishment to appellant constituted summary punishment, was the Department estopped from seeking increased punishment beyond the limits of what is prescribed for summary punishment?

III. Should an addition of charges after an officer requests a hearing be precluded because it has the effect of coercing officers into forfeiting statutorily protected rights?

## FACTS

Appellant is a Detective Police Captain with the Department. On 1 March 1990, appellant was notified that an internal complaint had been filed against him. Specifically, the complaint alleged that appellant had recently named Detective Sergeant Wayne Wilson as the accused in a sexual

harassment incident as part of an ongoing attempt by appellant to harass the sergeant.

On 4 September 1990, the Department's Internal Investigation Division (IID), after investigation of the complaint, concluded that a charge of general misconduct against appellant was warranted. IID did not find any merit to recommending a charge of misconduct relating to employment discrimination. On 15 October 1990, the Department offered appellant three days loss of leave and a severe letter of reprimand as punishment. Appellant refused to accept the punishment and requested a departmental trial board pursuant to Department policy.

Appellant's investigative file was then forwarded to the Legal Affairs Division for review, drafting of formal charges, and prosecution. In its review, the Legal Affairs Division identified that appellant had made several false statements during the course of his conduct that resulted in the recommended general misconduct charge. The Legal Affairs Division thereupon remanded the case to IID for further investigation. IID subsequently recommended an additional charge of false statement against appellant.

Appellant's file again was forwarded to the Legal Affairs Division, which filed formal charges of General Misconduct and False Statement. Appellant was notified of the charges on or about 19 February 1991.

On 28 March 1991, appellant filed in the Circuit Court for Baltimore City a Complaint for Ex Parte, Interlocutory, and Permanent Injunctive Relief and a Petition to Show Cause. The Complaint requested that appellant's pending proceeding before a trial board be enjoined because the Department had violated the Law Enforcement Officers' Bill of Rights (LEOBOR [1]) by adding a charge of false statement after an initial

---

1. We have selected LEOBOR as the acronym used for this statute in our text of this opinion because it sounds better when spoken. We are aware that certain prior opinions have used LEOBR, i.e., *DiGrazia v. County Executive*, 288 Md. 437, 452, 418 A.2d 1191 (1980). In this regard, we follow the path of the late Chief Judge Gilbert of this Court.

offer of punishment was made to appellant as to the general misconduct charge. On 20 April 1994, a hearing was held in the circuit court whereupon Judge Friedman denied appellant's injunction request. She explained:

> I find based on the evidence in this case that the punishment that was offered was not summary punishment, for a number of reasons, first of all, it is arguably not a minor infraction for which [appellant] was investigated.... So first of all, it was not a minor infraction. The Commissioner has not delegated the authority to anyone else. He retains the authority in himself. The offense is and remains in dispute. And the punishment was greater than the limitation that is placed on it in the summary punishment definition in section F of subsection 727. And what makes it greater is not the issue of whether a three day loss of vacation is greater or less than a three day suspension. But it's the fact that a severe letter of reprimand was recommended. That certainly is much greater than just a three day suspension or fine of $150.00. So in this case, I find that summary punishment was not invoked....

Appellant noted a timely appeal to this Court.

## DISCUSSION

### I.

As a threshold issue, appellant contends that the Department's offer to him of three days loss of leave and a severe letter of reprimand constituted an offer of summary punishment under the LEOBOR. Therefore, argues appellant, the "additional charge placed against [appellant] subsequent to his refusal of summary punishment violates the LEOB[O]R provision limiting punishment after a refusal of summary punishment." Appellees, on the other hand, suggest that the Department's offer of punishment to appellant did not constitute

---

*See Nichols v. Baltimore Police Dep't,* 53 Md.App. 623, 627, 455 A.2d 446, *cert. denied,* 296 Md. 111 (1983).

an offer of "summary punishment" as that term is defined under the LEOBOR.

 Summary punishment under the LEOBOR is governed by sections 727(f) and 734A(1). Section 727(f) provides:

"Summary punishment" is punishment imposed by the highest ranking officer of a unit or member acting in that capacity, which may be imposed when the facts constituting the offense are not in dispute. Summary punishment may not exceed three days suspension without pay or a fine of $150.

Md.Code Ann., Art. 27, § 727(f) (1992 Replacement Volume & 1994 Supp.). Section 734A(1) provides:

Summary punishment may be imposed for minor violations of departmental rules and regulations when: (i) the facts which constitute the minor violation are not in dispute; (ii) the officer waives the hearing provided by this subtitle; and (iii) the officer accepts the punishment imposed by the highest ranking officer of the unit to which the officer is attached.

*Id.* § 734A(1). The effect of these two sections is to provide not only a definition of "summary punishment," but also to set forth how and when such punishment is to be imposed. Construing these sections *in pari materia,* we are able to glean the following definition of "summary punishment": 1) punishment "imposed by the highest ranking officer of a unit or member acting in that capacity;" 2) punishment "imposed for minor violations of departmental rules and regulations;" and, 3) punishment that does "not exceed three days suspension without pay or a fine of $150." *See id.* §§ 727(f) & 734A(1); *see also International Bhd. of Police Officers, Local 302 v. Town of Portsmouth,* 506 A.2d 540, 541 (R.I.1986) (discussing definition of "summary punishment" under Rhode Island's LEOBOR). Moreover, "summary punishment" may be imposed only if: "(i) the facts which constitute the minor

violation are not in dispute;[2] (ii) the officer waives the hearing provided by [the LEOBOR]; and (iii) the officer accepts the punishment imposed by the highest ranking officer of the unit to which the officer is attached."[3] *See id.* § 734A(1) (footnote added); *see also Town of Westernport v. Duckworth,* 49 Md.App. 236, 244–45 & n. 4, 431 A.2d 709 (1981) (discussing imposition of summary punishment).

■ Applying this analysis to the case *sub judice,* we hold that the Department's offer of three days loss of leave and a severe letter of reprimand did not constitute an offer of "summary punishment" under the LEOBOR. Specifically, we agree with the circuit court that appellant's alleged violation was not a minor infraction. Appellant allegedly initiated an investigation of Sergeant Wilson for sexual harassment as an apparent ongoing attempt to harass the sergeant. In fact, the record reveals that appellant allegedly had information that exonerated Sergeant Wilson of any wrongdoing. As indicated by Deputy Commissioner Joseph W. Nixon's affidavit:

> The Police Commissioner decided this was a serious matter and increased the recommended penalty to include the loss of 3 days leave for his conduct. No one in the chain of command, including myself, considered the allegations "minor." Rather, I felt they were rather serious, at least as far as the facts of the case were concerned. Anytime, [sic] a unit commander accuses a subordinate of sexual harassment

---

2. Similar to a motion for summary judgment pursuant to Md. Rule 2–501, in order to defeat the imposition of summary punishment, the facts disputed by the law enforcement officer must be material. *Accord Seaboard Sur. Co. v. Richard F. Kline, Inc.,* 91 Md.App. 236, 603 A.2d 1357 (1992) (interpreting summary judgment standard).

3. Section 727(d)(3) provides:

 If a law enforcement officer is offered summary punishment imposed pursuant to § 734A and refuses, the chief may convene a one-member or more hearing board and the hearing board shall have only the authority to recommend the sanctions as provided in this subtitle for summary punishment. If a single member hearing board is convened, that member need not be of the same rank. However, all other provisions of this subtitle shall apply.

 Md.Code Ann., Art. 27, § 727(d)(3).

without any factual basis, I find that extremely trou-
bling. . . . This was not a minor offense.

(Emphasis in the original.) Appellant, on the other hand,
points to no evidence that his alleged conduct was a minor
violation, and we are unable to find any in the record extract.
As the definition of "summary punishment" stated *supra* is
written in the conjunctive, appellant's failure to show that his
alleged conduct was a minor violation of departmental rules
and regulations is fatal to his claim.[4]

## II.

As we have held that the Department's offer of punishment
to appellant was not an offer of "summary punishment," we
need not address the question regarding the Department's
ability to seek punishment in excess of that authorized for
summary punishment before the trial board and the Chief.

## III.

Lastly, appellant contends that "[t]he additional charges
against [him], made after the offer of punishment and without
further investigation, violates [sic] the process prescribed by
the LEOB[O]R." Appellant suggests such a practice "smacks
of retaliation."

Retaliation by a police department against an officer for
exercising his or her rights granted under the LEOBOR is
expressly prohibited by section 733. That section provides:

A law enforcement officer may not be discharged, disci-
plined, demoted, or denied promotion, transfer, or reassign-
ment, or otherwise discriminated against in regard to his
employment or be threatened with any such treatment, by

---

**4.** Although we do not reach the issue of whether three days loss of leave
and a severe letter of reprimand is punishment greater than the limit
prescribed for "summary punishment" in section 727(f), namely three
days suspension without pay or a fine of $150, we note that such a
"quality versus quantity" determination would be a troublesome ques-
tion to answer (some clarification by the Legislature of its intent would
be desirable).

reason of his exercise of or demand for the rights granted in this subtitle, or by reason of the lawful exercise of his constitutional rights.

Md.Code Ann., Art. 27, § 733. In *DiGrazia v. County Executive*, 288 Md. 437, 448, 418 A.2d 1191 (1980), the Court explained that, to establish a cause of action under section 733,

> the employee has the burden to show that the questioned conduct was a substantial or motivating factor in [the disciplinary action taken against him or her]. If this burden is discharged, then the burden shifts to the employer to prove by a preponderance of the evidence that he would ... have [taken the disciplinary action] even absent the protected activity.

■ In the instant case, appellant rejected the Department's offer of punishment and, instead, exercised his right to a hearing board pursuant to Department policy. The Department's subsequent reinvestigation and filing of an additional charge, contends appellant, was in retaliation for his rejection of the offered punishment. Therefore, as explained in *DiGrazia supra*, appellant must "show that the questioned conduct was a substantial or motivating factor" in the Department's actions. We hold that appellant has failed to meet that burden.

Appellant rejected the punishment offered by the Department, thereby triggering a review of the case by the Legal Affairs Division. Consistent with General Order 48–77,[5] the

---

5. General Order 48–77 provides:

Upon notification from the Deputy Commissioner, Administrative Bureau, that an administrative hearing is to be held as the result of an internal investigation, the Legal Advisor shall:

1. Review the investigative file and proceed on its merits *or request further investigation and/or clarification from the Internal Investigation Division.*

2. Upon completion of the review of the entire investigation, prepare the appropriate departmental charges and specifications to support the charges.

Baltimore Police Dept. General Order 48–77, Departmental Admin. Disciplinary Process, Annex H, Office of the Legal Advisor, "Responsibilities in Cases Under Internal Investigation" (1977) (emphasis added).

Legal Affairs Division remanded the case to IID for further investigation.[6] That investigation caused an additional charge of false statement to be filed against appellant. Appellant has failed to draw our attention to any provision in the LEOBOR or elsewhere that prohibits the reinvestigation of a disciplinary matter and the filing of additional charges when, as in the case *sub judice,* summary punishment is *not* offered. Moreover, appellant has not pointed to any evidence indicating that his rejection of the offered punishment was a "substantial or motivating factor" in the Department's decision to reinvestigate and to file an additional charge against him.[7]

The record does indicate, however, that appellant's previous offer of punishment was not a "substantial or motivating factor" in the Department's decision to file an additional charge of false statement against appellant. Sergeant Puller stated in his affidavit that "[t]he fact that [appellant] had been offered and had refused punishment on the misconduct allegation had absolutely no bearing upon my recommendation for additional review and ultimately, the placing of additional charges." In addition, Deputy Commissioner Nixon asserted in his affidavit:

> No one in the chain of command, including the Police Commissioner or myself, suggested additional charges were

---

6. Sergeant Richard G. Puller, assigned to the Legal Affairs Division, explained in his affidavit that he "routinely returned cases [to IID] where further investigation was required."

7. Appellant does assert that he "reasonably relied on the fact that, according to the LEOB[O]R, there would be no further charges placed against him after the recommendation of punishment had been made." After examination of the record extract citation provided by appellant for this statement, we note that appellant did not expect further charges because he believed he was being offered summary punishment. Appellant stated:

> I felt the offer was made to under [sic] the provisions of the Police Articles Bill of Rights. Which in effect stated that I had that right to a trial board and that *I had been offered summary punishment.* Which I felt under my understanding of our General Orders and in law, the Policeman's Bill of Rights, that it could not be increased beyond that.

(Emphasis added.)

warranted because [appellant] refused to accept punishment and no one suggested that the Department should retaliate against [appellant] for refusing to accept the punishment on that particular charge. [S]uch a practice has never occurred that I am aware of. Neither the Police Commissioner nor myself would ever condone or support such a practice. Even if I suspected that such a practice was occurring, I would cause an immediate halt to such practice. The Department does not need to retaliate against its members, certainly not for exercising their rights.

As there is no evidence that appellant's rejection of the Department's initial offer of punishment was a "substantial or motivating factor" in the Department's decision to reinvestigate appellant's conduct and to file an additional charge against him, we hold that appellant has failed to meet his burden of showing that the Department's actions were retaliatory.

**JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.**